## George G. Greenburg, Defendant in Error, v. Nyberg Automobile Works, Plaintiff in Error.

### Gen. No. 15,647.

ASSUMPSIT—*when absence of license will not preclude recovery of commissions.* If there is an ordinance regulating an occupation and requiring those engaged therein to be licensed, a recovery of commissions may be had by one not regularly engaged in such occupation who merely made an isolated sale.

Error to the Municipal Court of Chicago; the Hon. WILLIAM W. MAXWELL, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed June 19, 1911.

WILLIAM A. JENNINGS, for plaintiff in error.

JOSEPH CUMMINS, for defendant in error.

Anson v. New York L. Ins. Co., 162 Ill App. 505.

MR. JUSTICE BROWN delivered the opinion of the court.

The only substantial point urged in objection to the judgment of the Municipal Court in this case is that although the suit was for a balance due for commissions for the sale of two automobiles to customers who were brought to the defendant by the plaintiff, the plaintiff had no broker's license under the Municipal Code of Chicago. Therefore, it is maintained by the defendant, the transaction was unlawful, and no claim for commissions could be upheld.

Incidentally the defendant insists that the court improperly sustained an objection to the question put on cross-examination to the plaintiff—"How many automobiles have you sold in the city of Chicago?"

This last point would be of more force if almost immediately afterward the question had not been repeated and answered without objection.

The answer to it and to connected interrogatories disclosed the fact that the transactions involved in the suit were the only ones of the kind the plaintiff had ever been connected with in Chicago.

The ordinance relied on by the plaintiff is a regulatory and revenue measure, referring to an occupation, not to isolated transactions like those at bar. O'Neill v. Sinclair, 153 Ill. 525.

The judgment of the Municipal Court is affirmed.

*Affirmed.*